**In re Eloise A. WOODSBEY, Debtor.**

**Eloise A. Woodsbey, Plaintiff,**

v.

**Easy Mortgage d/b/a Regal Financial, Frank Conti, Meritage Mortgage Corp., Hurlburt Appraisal Service, A & M Homes, Inc., Gregory Finney, Resource Settlement, Deutsche Bank National Trust Company, Defendants.**

**Bankruptcy No. 06–10036.
Adversary No. 06–1105.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 12, 2007.

---

a.m. (versus Thursday). Debtor's counsel shall contact Ms. Godfrey for the listing.

Margaret W. Schuetz, Community Justice Project, Pittsburgh, PA, for Debtor/Plaintiff.

Lauren R. Berschler, Wilentz, Goldman & Spitzer, Joel M. Helmrich, Meyer Unkovic & Scott LLP, Gregory L. Taddonio, Reed Smith LLP, Pittsburgh, PA, Brian M. McGowan, Erie, PA, for Defendants.

### MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

Eloise A. Woodsbey ("Debtor") filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on January 18, 2006. Debtor filed a Second Amended Complaint (the "Complaint") and Objection to Creditors' Claims. In Counts I–VII of the Complaint, Debtor asserts entitlement to actual and statutory damages from the Defendants who participated in her purchase of a home due to misstatements of material facts and/or failure to make required disclosures.

■ The Complaint is adequate as to the named Defendants in Counts I–VII who participated in the original transaction, to-wit: Easy Mortgage d/b/a Regal Financial, Frank Conti, Meritage Mortgage Corp., Hurlburt Appraisal Service, A & M Homes, Inc. and Gregory Finney.[1] Meritage argues that the Rooker–Feldman doctrine deprives the Bankruptcy Court of jurisdiction because at the time of filing the Chapter 13 bankruptcy petition by Debtor, Meritage had obtained a default judgment in mortgage foreclosure. The doctrine has been explained as follows:

"The Rooker–Feldman doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a). Section 1257(a) provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had may be reviewed by the Supreme Court by writ of certiorari." The Rooker–Feldman doctrine is the negative inference of § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is not vested in lower federal courts. Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–416, 44

1. The claim against Defendant Resource Settlement has been withdrawn.

S.Ct. 149, 68 L.Ed. 362 (1923) the Supreme Court held that lower federal courts may not hear claims actually decided by a state court. Sixty years later [*7] in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Court extended the holding of Rooker to claims that are "inextricably intertwined" with a state court judgment. By confining state cases to state appellate systems, the Rooker–Feldman doctrine preserves the state plaintiff's forum choice. More importantly, it respects the values of federalism implicit in our parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both-a structure established by the first Judiciary Act of 1789 and adhered to ever since.

The Rooker–Feldman doctrine prohibits "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir.1998), quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)."

*Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144 (10th Cir.2004)

■ The answer to this argument is that (1) Pennsylvania statutory law gives the residential owner until one hour before the sheriff's sale to cure the default (*See* 41 P.S. § 404) and (2) the Bankruptcy Code allows the Debtor to provide for a cure of the default in a Chapter 13 Plan (See 11 U.S.C. § 1322(b)(3) and (5)). Those reme-

dies are still available to the Debtor until the hammer falls at a sheriff's sale.

Here, the Debtor's bankruptcy case was filed on January 18, 2006, well before any scheduled date for a sheriff's sale. A sheriff's sale never took place because of the automatic stay of 11 U.S.C. § 362. Thus, the rationale of the Rooker–Feldman doctrine has no application.

So, also, the argument that the judgment in mortgage foreclosure is res judicata fails for the same reasons. The repayment prospectively may move forward in accordance with Pennsylvania and Federal law.

The Motions to Dismiss the Complaint filed by Meritage Mortgage Corp. and Frank Conti will be DENIED.

### Objection to Claim of Deutsche Bank National Trust Company

■ Debtor objects to the claim of Deutsche Bank National Trust Company ("Deutsche Bank").[2] Before the Court is Deutsche Bank's Motion to Dismiss. Debtor asserts that:

The claim of Deutsche Bank National Trust Company is subject to recoupment in its entirety due to:

a. Its liability, pursuant to the Federal Trade Commission "Holder Rule," for all claims asserted against A & M Homes, Gregory Finney, Frank Conti, and Regal Financial. The "Holder Rule," renders a holder of a consumer credit contract subject to any claims which could be raised against a seller of services purchased with the proceeds of that contract. (16 C.F.R. § 433.2)

b. Its liability, pursuant to the Home Improvement Finance Act, for all

---

**2.** Debtor also objects to the claim of A & M Homes, Inc. A & M Homes has failed to answer or otherwise respond to the Claimant. Debtor seeks the entry of Default Judgment against A & M Homes.

claims asserted against A & M Homes and Gregory Finney. Deutsche Bank's liability for these claims stems from the Pennsylvania Home Improvement Finance Act, which provides that a buyer's claims and defense arising from a home improvement installment contract are not cut off by assignment of the contract to a third party. (73 P.S. § 500–208)

c. Its liability, pursuant to the Pennsylvania Goods and Services Installment Act, for all claims asserted against Regal Financial. The Goods and Services Installment Act provides that a buyer's claims and defenses arising from an installment contract for the sale of services shall not be cut off by assignment of the contract to a third party (69 P.S. § 1402)

d. Its liability, as assignee of the note originated by Meritage, for all claims asserted against Meritage.

It appears that after Debtor–Plaintiff had bought the home, her purchase money mortgage in favor of Meritage Mortgage Corp. ("Meritage") was, a month later, assigned by it to Deutsche Bank. Thus, Deutsch Bank did not participate in the misstatements of fact which are alleged to have occurred in effecting her purchase of the house and the concurrent financing. It is also not alleged that Deutsche Bank had any knowledge of those activities when it purchased the mortgage. Thus, Debtor–Plaintiff must rely on some rule under which an assignee of a mortgage and accompanying note is liable to her or subject to recoupment for the acts of others in obtaining the mortgage. We find no such rule [3].

---

**3.** Perhaps there ought to be a rule as desired by plaintiff. The whole system of financing used here might not exist if entities such as

*"Holder Rule"*

16 C.F.R. § 433.2 states, in pertinent part, as follows:

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of section 5 of that Act for a seller, directly or indirectly, to:

a. Take or receive a consumer credit contract which fails to contain the following provision in at least ten points, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

or,

b. Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:

---

Deutsche Bank were not standing by to finance the transaction.

[Same as above].

16 C.F.R. § 433.2 (2005).

Debtor–Plaintiff asserts that her transaction here was, at least in part, a sale of goods and services. She reaches this conclusion by pointing out that she was promised that the house she was purchasing would be repaired, which necessarily implicates the furnishing or sale of goods and services.

Our conclusion is that the FTC Holder Rule, by its terms, does not apply to mortgage loans for the purchase of real estate, as in this case. *In re Reagoso,* 2007 WL 1655376 (Bankr.E.D.Pa., June 6, 2007) *citing Johnson v. Long Beach Mortg. Loan Trust 2001–4,* 451 F.Supp.2d 16, 55 (D.D.C. 2006). Therefore, Debtor–Plaintiff may not rely on that rule in attempting to assert set-offs or recoupment as against Deutsche Bank for the claims she has against the parties to the original transaction.

■ The Debtor–Plaintiff's promissory note, secured by its accompanying mortgage, was assigned to and is held by Deutsche Bank. Prima facia, the holder is presumed to be a holder in due course. A holder in due course holds the instrument free of any defenses related to the execution of the note, with exceptions not relevant here. Plaintiff has alleged no facts which would deny Deutsche Bank of the status of a holder in due course. Thus, the Deutsche Bank's claim may not be defeated by the obligor's claims against the parties involved in the execution of the note.

### Home Improvement Finance Act

■ Debtor asserts that Deutsche Bank is also liable, under the Pennsylvania Home Improvement Finance Act ("HIFA"). Debtor directs our attention to 73 P.S. § 500–208 which provides, in part:

No right of action or defense arising out of the transaction which gave rise to the home improvement installment contract which the buyer has against the contractor, and which would be cut off by assignment, shall be cut off by assignment of the contract to any third person.

73 P.S. § 500–208.

A "buyer" under HIFA is one who "buys" goods and services, or services from a contractor pursuant to a home improvement installment contract. 73 P.S. § 500–102(15).

These provisions apply only to loans obtained in connection with home improvement installment contracts. Plaintiff–Debtor's case derives from the purchase of real property and not from a contract to obtain home repairs.

The exception to the holder in due course rule provided by the HIFA for home improvement installment contracts is inapplicable to and fails to sever Deutsche Bank's status as a holder in due course.

### Goods and Services Installment Act

■ Debtor also directs our attention to the Pennsylvania Goods and Services Installment Sales Act, 12 P.S. § 1101 *et seq.* ("GSISA"). A "buyer" under GSISA is defined as "a person who buys goods or obtains services from a retail seller in a retail installment sale." 69 P.S. § 1201. The provisions of the GSISA apply to sales involving personal property or services, with sales of real property falling outside the scope of covered transactions.

Again, Plaintiff–Debtor's case derives from the purchase of real property and not for goods or services purchased in a retail installment sale.

The Motion to Dismiss filed by Deutsche Bank will be GRANTED. An appropriate Order will be entered.

### ORDER

This 12th day of September, 2007, in accordance with the accompanying Memorandum, it shall be and hereby is ORDERED as follows:

1. The Motions to Dismiss filed by Frank Conti and Meritage Mortgage Corp. are DENIED.

2. The Motion to Dismiss filed by Deutsche Bank National Trust Co. is GRANTED.

3. All Answers shall be filed by October 5, 2007.

4. A Status Conference is fixed for October 15, 2007 at 11:40 a.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. Only 10 minutes have been reserved on the Court's calendar. All parties may participate by telephone pursuant to instructions on the Court's website.