NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1843
_____

EDWARD MURPHY;
SANDRA MURPHY,
Appellants
v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
(RECEIVER FOR WASHINGTON MUTUAL BANK);
WELLS FARGO
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-04417)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion Filed: November 24, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiffs Edward and Sandra Murphy appeal the United States District Court for

the Eastern District of Pennsylvania's grant of defendant Wells Fargo's Motion to

Dismiss their complaint and the District Court's denial of plaintiffs' Motion for Partial

Reconsideration and for Leave to File an Amended Complaint. Because the District Court's disposition of both motions was proper, we will affirm.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

Because we write only for the benefit of the parties, we include only the essential facts. Plaintiffs initiated this action solely against Washington Mutual Home Loans, Inc. ("WaMu")[1] alleging multiple types of wrongdoing arising out of the origination and servicing of a residential mortgage loan they entered into with non-party Gateway Funding Diversified Mortgage Services, L.P. ("Gateway Funding"). The mortgage loan was subsequently assigned to WaMu. WaMu commenced a foreclosure action in May, 2006 after plaintiffs defaulted on their mortgage payments. Plaintiffs allegedly sent a check to reinstate their mortgage on June 27, 2006, and WaMu thereafter dismissed the foreclosure action. Plaintiffs alleged that WaMu then sent them conflicting statements, each demanding a different amount of payment and stating a different due date for that payment.

Three months after filing a complaint against WaMu, plaintiffs filed an amended complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), a later assignee of the mortgage loan. The amended complaint asserted sixteen causes of action against Wells Fargo on the basis of assignee liability. The Murphys alleged that their mortgage loan

---

[1] Since September 25, 2008, WaMu has been in the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC is the named defendant in this case.

was assigned to Wells Fargo at some point after the events described above and that, consequently, Wells Fargo became liable as a matter of law for Gateway Funding and WaMu's wrongs. At no point did plaintiffs allege that Wells Fargo independently committed any misdeeds.

In granting Wells Fargo's Motion to Dismiss plaintiffs' complaint, the District Court explained that plaintiffs' mortgage loan was assigned to Wells Fargo *after* the events surrounding plaintiffs' allegations against WaMu occurred. Thus, the District Court concluded that plaintiffs had not alleged any facts that supported the sixteen causes of action they asserted against Wells Fargo. Following the District Court's dismissal of the Murphys' complaint, they filed a Motion for Partial Reconsideration and for Leave to File an Amended Complaint. In denying this motion, the District Court noted that plaintiffs had done nothing more than re-assert the same arguments the Court had already rejected and that the amendments plaintiffs sought would not give them valid claims on which relief could be granted.

We exercise plenary review over a District Court's grant of a 12(b)(6) Motion to Dismiss. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009). The District Court's judgment "is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *Id.* We review a denial of a motion for leave to amend for abuse of discretion. Where amendment would be futile, meaning that the complaint, "as amended, would fail to state a claim upon which relief could be granted," the District Court does not abuse its

3

discretion in denying leave to amend. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). *See also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Only plaintiffs' claim against Wells Fargo under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 211, remains.[2] Plaintiffs make two arguments on appeal. First, with regard to their UTPCPL claim, they argue that the District Court erred in dismissing their amended complaint for lack of specificity. Second, they assert that the District Court abused its discretion when it refused to grant their request to file an amended complaint based on its conclusion that amendment would be futile. They argue that amendment would not be futile because, pursuant to the Federal Trade Commission's Rule Concerning the Preservation of Consumers' Claims and Defenses (the "FTC Holder Rule"), assignee holders of mortgages are subject to the same liability as the lenders with whom their loans originated.

Plaintiffs' claims lack merit; the District Court did not err in dismissing their complaint and did not abuse it discretion in denying their request for leave to amend. The UTPCPL, the sole legal basis on which plaintiffs appeal, does not impose liability on assignees. *See Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 283 (E.D. Pa. 1993) (noting that the UTPCPL "does not impose liability on parties who have not themselves committed wrongdoing."); *Roche v. Sparkle City Realty*, No. 08-2518, 2009

---

[2] The District Court granted plaintiffs' request to discontinue without prejudice their claims against WaMu/FDIC, so only plaintiffs' claims against Wells Fargo remain.

4

WL 1674417, at *4 (E.D. Pa. June 12, 2009) ("[N]umerous courts have found that loan assignees cannot be held liable under the UTPCPL without allegations that they specifically committed wrongdoing.").

Plaintiffs' reliance on the FTC Holder Rule is also misplaced. First, the Rule, which requires that certain language be included in "consumer credit contracts," does not apply to mortgage loans. 16 C.F.R. § 433.2 (2005); *In re Woodsbey*, 375 B.R. 145, 150 (Bankr. W.D. Pa. 2007)); *Johnson v. Long Beach Mortgage Trust, 2001-04*, 451 F. Supp. 2d 16, 55 (D.D.C. 2006). Second, even if notice had mistakenly been included in the plaintiffs' mortgage note pursuant to the FTC Holder Rule, the Truth in Lending Act's ("TILA") assignee liability provisions would trump the Rule and preclude Wells Fargo from incurring liability for the wrongs of others. *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 200-03 (3d Cir. 2000). Without the FTC Holder Rule, plaintiffs have no UTPCPL claim, and any amendment to their complaint would be futile because plaintiffs could never allege that their loan was not subject to TILA.

For the foregoing reasons, we will affirm the District Court's grant of defendant's Motion to Dismiss and denial of plaintiffs' Motion for Partial Reconsideration and for Leave to File an Amended Complaint.